# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN F. PETEK,
                    Appellant,

            v.

DEPARTMENT OF VETERANS
        AFFAIRS,
                    Agency.

DOCKET NUMBER
SF-0752-20-0312-I-1

DATE: August 19, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Valente</u>, Glens Falls, New York, for the appellant.

<u>Mickel-Ange Eveillard</u>, Los Angeles, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his constructive removal appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. For the reasons set forth below, we VACATE the administrative judge's finding that the appellant submitted no credible evidence regarding his allegations of discrimination, and we AFFIRM the initial decision as MODIFIED to clarify and supplement the administrative judge's jurisdictional analysis. Except as expressly indicated in this Final Order, the initial decision of the administrative judge is the Board's final decision.

## BACKGROUND

In a March 29, 2019 letter, the agency proposed the appellant's removal from his Chief of Social Work Services position based on the following two charges: (1) failure to follow supervisory instructions (2 specifications); and (2) inappropriate conduct (5 specifications). Initial Appeal File (IAF), Tab 6 at 64-67. In a November 27, 2019 letter, the agency informed the appellant that a decision had been made to remove him effective December 2, 2019, based on the sole charge of inappropriate conduct. *Id.* at 18-20.

In December 2019, the appellant appealed his removal to the Board. IAF, Tab 5 at 5; *Petek v. Department of Veterans Affairs*, MSPB Docket No. SF-0714-20-0155-I-1, Initial Appeal File (0155 IAF), Tab 1. During the pendency of the appeal before the administrative judge, the agency issued a February 12, 2020

letter, informing the appellant of the following: the agency's November 27, 2019 decision letter was rescinded; he would be reinstated as Chief of Social Work Services effective February 16, 2020; and he was expected to return to work on February 18, 2020. IAF, Tab 17 at 10. In a February 13, 2020 letter, the agency further notified the appellant that he would be detailed effective February 18, 2020, until further notice, and that, as previously instructed, he was not to have any contact with any social work staff or to conduct any social work service duties. *Id.* at 11. The appellant responded in a February 16, 2020 letter, declining the agency's "offer of employment" and, in the alternative, resigning from his position immediately.[2] IAF, Tab 6 at 62. The agency gave the appellant instructions for requesting leave if he was unable to return, *id.* at 28-52, but the appellant, through his representative, reiterated in a February 21, 2020 email that, "given the [a]gency's position," the appellant's February 16, 2020 letter "serve[d] as his immediate resignation letter," IAF, Tab 17 at 7. The appellant's resignation was effective February 16, 2020. *Id.* at 5.

The agency moved to dismiss the 0155 removal appeal. 0155 IAF, Tab 23 at 4. The agency explained that it began the process of rescinding the removal action because the removal decision letter had only referenced the inappropriate conduct charge and did not mention the failure to follow instructions charge. *Id.* at 5. The appellant opposed the motion, arguing among other things that because of his outstanding claims for compensatory damages based on discrimination, the agency's rescission of the removal did not moot his appeal. 0155 IAF, Tab 25 at 4-5. The administrative judge agreed that the appeal was not moot because of the pending discrimination and retaliation claims involving potential damages and because the agency had not submitted sufficient proof regarding the payment of appropriate back pay. 0155 IAF, Tab 26 at 4. The agency thereafter submitted additional evidence regarding back pay. 0155 IAF, Tab 27. On February 27,

---

[2] In the resignation letter, the appellant stated that, "[i]n addition to other factors[,] I am not currently medically cleared to work." IAF, Tab 6 at 62.

2020, the appellant notified the administrative judge that, based on the rescission of the removal and the agency's statement regarding the processing of his back pay and benefits, he was withdrawing his appeal. 0155 IAF, Tab 28 at 4. In a February 27, 2020 initial decision, the administrative judge dismissed the appellant's removal appeal as withdrawn. 0155 IAF, Tab 29, Initial Decision (0155 ID) at 1-2.[3]

In March 2020, the appellant filed the instant appeal of an allegedly involuntary resignation, and he requested a hearing. IAF, Tab 1 at 1-6. The administrative judge informed the appellant that the Board may not have jurisdiction over his appeal, apprised him of his jurisdictional burden regarding an involuntary resignation claim, and ordered him to file evidence and/or argument on the jurisdictional issue. IAF, Tab 2 at 2-4. The appellant responded. IAF, Tab 5. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 12 at 4-9. Without holding the requested hearing, the administrative judge issued an initial decision granting the agency's motion and dismissing the appeal for lack of jurisdiction. IAF, Tab 22, Initial Decision (ID) at 1, 15.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.[4] The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We will consider the appellant's factual allegations that he has raised for the first time on review.</u>

For the first time on review, the appellant alleges certain factual information regarding the circumstances surrounding the agency's order for him to return to work, which he claims he was prevented from providing due to the administrative judge's dismissal of his prior Board appeal. PFR File, Tab 1

---

[3] The initial decision became the Board's final decision on April 2, 2020, when neither party filed a petition for review by that date. 0155 ID at 2.

[4] The appellant does not dispute, and we discern no reason to disturb, the administrative judge's finding that the Board lacks jurisdiction over this appeal as an individual right of action appeal. PFR File, Tab 1 at 4-19; ID at 13-15.

at 17-19.  The appellant further claims for the first time on review that another employee, who had contacted a social work employee after having been told not to communicate with social work employees, did not receive punishment.  *Id.* at 17.  He asserts that this information was contained in the agency's discovery response.  *Id.*  In addition, he argues that the parties were not able to complete discovery because the administrative judge did not rule on the appellant's motion to compel discovery before issuing the initial decision.  *Id.*; IAF, Tab 18.

The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  Nevertheless, we will consider the appellant's factual allegations described above insofar as they relate to the dispositive jurisdictional issue.  *See, e.g.*, *Lovoy v. Department of Health & Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003) (considering the agency's arguments raised for the first time on review because they implicated the Board's jurisdiction).  To the extent the appellant challenges the administrative judge's denial of his motion to compel as moot and the administrative judge's delay in so ruling in the initial decision, we discern no prejudice to the appellant's substantive rights because he has not alleged that he has been precluded from raising any other relevant factual information on review.  PFR File, Tab 1 at 17; ID at 3 n.3; *see Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 4 (2011) (explaining that, to obtain reversal of an initial decision on the ground that the administrative judge abused his discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed); *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (finding that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

<u>We affirm, as modified, the administrative judge's finding that the appellant has failed to nonfrivolously allege that he resigned due to intolerable working conditions.</u>

On petition for review, the appellant challenges the administrative judge's finding that he failed to nonfrivolously allege[5] that the agency made his working conditions so difficult (due to alleged harassment, discrimination, and retaliation for whistleblowing) that a reasonable person in his position would have felt compelled to resign. PFR File, Tab 1 at 4-12; ID at 5-9. In particular, the appellant argues that the administrative judge failed to consider the following allegedly wrongful actions taken by the agency prior to his resignation: (1) the investigation of him; (2) the March 2019 proposed removal; (3) the December 2019 removal action; and (4) in February 2020, during the pendency of his prior Board appeal, the agency's rescission of his removal without rescinding the March 2019 proposed removal, failure to return him to his Chief of Social Work Services position, and order not to communicate with social work employees and not to perform social work duties.[6] PFR File, Tab 1 at 4-12.

The appellant further argues that the administrative judge failed to recognize the following alleged circumstances: he reasonably believed the agency was going to continue pursuing his removal based on the same charges underlying the proposed removal or based on new charges, *id.* at 5, 8-9; and he never returned to work in February 2020 because he resigned on the effective date of his reinstatement, *id.* at 6-7. In addition, the appellant reasserts his claim that he resigned because, based on his prior employment history with the agency and the limited information provided by the agency in February 2020 regarding his

---

[5] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

[6] Regarding some of these actions, the appellant claims that the administrative judge failed to consider their probative value as recent actions that occurred close in time to his resignation. PFR File, Tab 1 at 4-6. The appellant further claims that the administrative judge failed to include some of these actions in considering his allegations of discrimination because they were not a part of the Equal Employment Opportunity Commission's determination. *Id.* at 7-8, 11.

return to work and detail assignment, he reasonably believed that he was "not returning to a healthy work environment." *Id.* at 17-19; *see* IAF, Tab 1 at 6 (stating in his initial appeal that he was "returning to [an] intolerable and psychologically unsafe working environment"). Further, the appellant argues that the administrative judge improperly accepted the determination by the Equal Employment Opportunity Commission (EEOC) on the merits of his discrimination claims. PFR File, Tab 1 at 8, 11.

For the following reasons, we modify the initial decision to clarify and supplement the administrative judge's jurisdictional analysis regarding the appellant's claim that he resigned due to intolerable working conditions. All constructive adverse action claims have the following two elements in common: (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived the employee of that choice. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013). However, we find that the administrative judge improperly relied on *Terban v. Department of Energy*, 216 F.3d 1021, 1024 (Fed. Cir. 2000), in considering the relative probative value of the appellant's allegations based on their proximity in time to his resignation. ID at 6, 8. In *Trinkl v. Merit Systems Protection Board*, 727 F. App'x 1007, 1010 (Fed. Cir. 2018),[7] our reviewing court found that, in determining whether an employee nonfrivolously alleged circumstances such that a reasonable person in his position would have felt compelled to resign, the Board erred by, among other things, considering the relative probative value of his allegations over time. The court explained that weighing allegations as more or less probative is appropriate only following a jurisdictional hearing. *Id.* at 1010-11 (citing *Terban*, 216 F.3d at 1024).

---

[7] The Board has held that it may rely on unpublished decisions of the U.S. Court of Appeals for the Federal Circuit if, as here, it finds the court's reasoning persuasive. *E.g.*, *Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶ 21 (2008), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009).

Further, we vacate the administrative judge's finding that, given the EEOC's determination that the actions at issue were not discriminatory, the appellant submitted no credible evidence regarding his allegations of discrimination. ID at 6-7. In *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994), the Board held that, in determining whether an appellant has made a nonfrivolous allegation of jurisdiction, an administrative judge may not weigh evidence and resolve conflicting assertions of the parties and the agency's evidence may not be dispositive. Here, the appellant declared under penalty of perjury that the agency's alleged harassment, as described in his two prior equal employment opportunity complaints, made his working conditions so difficult that he was forced to resign. IAF, Tab 5 at 1, 3, 19-21. Therefore, we find that the administrative judge improperly relied on the agency's evidence of EEOC decisions and weighed the evidence in making a credibility finding. ID at 7 (citing IAF, Tab 12 at 10-20).

After considering the totality of the alleged circumstances (including those raised on review) and assuming them to be true, we find that the appellant has failed to make a nonfrivolous allegation that he lacked a meaningful choice in the decision to resign and it was the agency's wrongful actions that deprived him of that choice. Specifically, even viewing the appellant's claims collectively as a series of escalating incidents dating back to August 2016 and culminating in his resignation in February 2020, we find that they do not rise to the level of coercion necessary to overcome the presumption that his resignation was voluntary. PFR File, Tab 1 at 4-12, 17-19; IAF, Tab 1 at 6, Tab 5 at 19-21, Tab 19 at 4-16; *see, e.g.*, *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 15 (viewing the appellant's decision to retire in light of her claims of a continuing pattern of harassment dating back many years), *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011); *cf. Trinkl*, 727 F. App'x at 1010 (finding that the Board should have viewed the employee's claims collectively as a series of escalating incidents culminating in his retirement).

The Board has held that dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign. PFR File, Tab 1 at 17-19; IAF, Tab 1 at 6; *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000). Even if we consider the appellant's statement that he was "not currently medically cleared to work" in his February 16, 2020 resignation letter, IAF, Tab 6 at 62, or his assertion on review that he "had [a] reasonable belief [that he] was not returning to a healthy work environment," PFR File, Tab 1 at 18, we are not persuaded that he made a nonfrivolous allegation that the agency's wrongful actions deprived him of a meaningful choice in the matter. The basis for the appellant's contention of an unhealthy or unsafe work environment is not entirely clear.[8] There was no medical documentation in the record to support his claim that he was not medically cleared to return to work, even after the agency gave him instructions if he was requesting leave or was otherwise unable to return. We are not persuaded that his allegations, standing alone, demonstrate that the agency's actions were wrongful or that he was deprived of a meaningful choice in the matter. *See, e.g.*, *Moore v. U.S. Postal Service*, 117 M.S.P.R. 84, ¶ 11 (2011) (noting that the appellant was entitled to a jurisdictional hearing in a constructive suspension appeal based upon intolerable working conditions if she alleges facts which, if proven, demonstrate that she put the agency on notice of the existence of the objectionable working conditions and requested assistance or remediation from the agency).

_____

[8] For example, the appellant states briefly on review that the return to work order and detail letter "raised reasonable anxiety and fear" because he had already been effectively removed from performing his duties from September 18, 2018, to December 2, 2019. PFR File, Tab 1 at 17. He also asserted before the administrative judge that the agency violated his "privacy and confidential personnel information" by disclosing to the union and its employees that an investigation of him was completed, the investigation concluded that he was not doing his job, and he was placed on a performance plan. IAF, Tab 19 at 7. He further alleged that the gossip in the workplace, which allegedly included discussions of the appellant's sexual orientation, "impacted [his] reputation," and "further isolate[ed]" him in the workplace. *Id.* at 14.

However, in the 0155 appeal, there is a February 13, 2020 note from the appellant's clinical psychologist. 0155 IAF, Tab 19 at 78. This note stated that (1) the appellant began individual psychotherapy in January 2019 and "was disabled" due to a work-related psychological condition (major depression and generalized anxiety disorder), (2) he was discharged and returned to work in May 2019, (3) on February 11, 2020, the appellant "returned for evaluation and treatment due to work-related stressors" and suffered from dysthymic disorder and generalized anxiety disorder, (4) his current symptoms included, among other things, concentration and memory impairments, severe fatigue, severe insomnia, depressed affect, severe feelings of being treated unfairly at work, (5) he was receiving "individual and didactic therapy," (6) his prognosis was "fair," and (7) he will be unable to attend work-related responsibilities prior to March 14, 2020. *Id.* Although we take official notice of this note, 5 C.F.R. § 1201.64, a different outcome is not warranted. The appellant has not alleged that he presented the clinical psychologist's note to the agency or otherwise conveyed the contents therein to the agency at any time before he resigned. Nor has the appellant alleged that he requested and was denied any type of leave or accommodation after receiving the agency's February 12, 2020 letter, and he has failed to make a nonfrivolous allegation that it would have been futile to make such a request. Thus, we conclude that the appellant failed to make a nonfrivolous allegation that the agency's actions were wrongful or otherwise deprived the appellant of a meaningful choice on the decision to resign. *Cf. Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 7 (2010) (finding that the appellant nonfrivolously alleged that her resignation was involuntary because the agency denied her request for a reasonable accommodation (telecommuting) that her doctor said would have permitted her to continue to work full-time despite her mental conditions, and the agency did not contend that telecommuting was not feasible in light of the appellant's responsibilities).

Further, the assumed fact that the agency did not rescind the March 2019 proposed removal and would have removed the appellant again does not rebut the presumed voluntariness of his ultimate choice to resign.[9] *See Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶ 12 (2008). At the time he resigned, the agency was actively trying to return him to duty. To the extent that he believed that the agency's efforts were lacking in any way, he could have raised such issues in opposing the agency's attempts to moot his 2019 removal appeal instead of withdrawing that appeal and summarily resigning. Moreover, the appellant had the option of returning to work and contesting any alleged harassment, discrimination, and retaliation, as he had done before, and appealing any subsequent removal action to the Board. *See Brown*, 115 M.S.P.R. 609, ¶ 15 (finding that, instead of retiring based on her speculation that a disciplinary action might occur in the future, the appellant clearly had an option of contesting an action she thought was invalid if and when it did occur); *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 17 (2009) (finding that the appellant had the option to stand and fight the alleged discrimination, harassment, and retaliation rather than resign).

We affirm as modified the administrative judge's finding that the appellant has failed to nonfrivolously allege that his resignation was coerced because the agency had no reasonable grounds for threatening to remove him.

The appellant further challenges on review the administrative judge's finding that he failed to nonfrivolously allege that his resignation was coerced because the agency had no reasonable grounds for threatening to remove him. PFR File, Tab 1 at 12-19; ID at 9-13. Specifically, the appellant raises the following arguments: (1) the administrative judge failed to recognize that the agency never rescinded the March 2019 proposed removal and, thus, it was still pending against him; (2) the administrative judge incorrectly analyzed the

---

[9] As discussed below, we affirm the administrative judge's finding that the appellant has failed to nonfrivolously allege that his resignation was coerced because the agency had no reasonable grounds for threatening to remove him.

evidence in considering whether the agency knew or should have known that it could not sustain the charge of failure to follow supervisory instructions; (3) even if the agency could support its contention that the appellant was instructed not to contact other social work employees, the alleged conduct occurred off-duty and off Government property; and (4) the administrative judge failed to consider that another employee who had engaged in the same alleged conduct had not been punished. PFR File, Tab 1 at 12-15, 17. None of these arguments warrants a different outcome.

For example, even if we credit the appellant's assertion that the agency did not rescind the notice of proposed removal, and thus, it was still pending, the record reflects that the agency has not issued a decision on the proposed removal. Thus, there was no action taken pursuant to 38 U.S.C. § 714 or 5 U.S.C. chapter 75 against the appellant at the time of his resignation. Even if the appellant is correct, and the agency would have decided to impose the removal based on one or both charges, the appellant could have challenged the removal action before the Board as he did in his earlier appeal, MSPB Docket No. SF-0714-20-0155-I-1. The fact that an employee is faced with the unpleasant choice of either resigning or opposing an adverse action does not rebut the presumed voluntariness of his ultimate choice of resignation. *Green v. Department of Veterans Affairs*, 112 M.S.P.R. 59, ¶ 8 (2009).

We have considered the appellant's allegation that the administrative judge improperly analyzed the evidence. PFR File, Tab 1 at 13-15. In the initial decision, the administrative judge noted that the failure to follow supervisory instructions charge involved two allegations that the appellant failed to follow instructions not to contact his former staff. ID at 10. The administrative judge noted that the agency submitted evidence that the appellant met with his supervisor on September 18, 2018, and he was advised that he was being placed on a detail and instructed not to have contact with his former staff. *Id*. The administrative judge acknowledged that the appellant denied being instructed not

to contact his former staff, but he concluded that "merely disputing the agency's evidence does not amount to a non[]frivolous allegation that the agency had no basis for it." ID at 11.

The administrative judge improperly weighed the parties' evidence and credited the agency's evidence in assessing this claim. *See Ferdon*, 60 M.S.P.R. at 329. We modify the initial decision and clarify that we are not relying on the agency's evidence in our assessment of this issue, nor are we weighing the parties' evidence. However, the appellant's assertion on review that "the evidence supports that he was never told he could not contact [s]ocial [w]ork employees" on September 18, 2018, PFR File, Tab 1 at 14-15, is undermined by his own submissions to the administrative judge, in which he admitted that he was instructed on multiple occasions, both before and after September 18, 2018, not to have any contact with staff. *See, e.g.*, IAF, Tab 5 at 20 (stating that on April 13, 2017, he was "directed to not have contact with any social workers within or outside of the [agency]," and that on "9/26/2018 and 9/27/2018," he "received emails from [the] Medical Center Director[] that stated[, among other things,] . . . 'Cease and desist talking to all [Social Work Staff] until further notice'"), Tab 19 at 15 (acknowledging that the "Director issued instructions that [he] was not to have any contact with other social work employees[] for over 365 consecutive days").[10] Because the appellant's own evidence reflects that he was told on multiple occasions not to contact other social work employees, we conclude that he did not make a nonfrivolous allegation that the agency could not substantiate a removal action based on a failure to follow supervisory instructions charge on the grounds of a lack of notice.

The appellant alternatively asserts that the agency could not sustain the charge of failure to follow instructions because the alleged misconduct occurred off-duty and off Government property and any agency instruction would be

---

[10] It appears that the "365 consecutive days" began on September 18, 2018, and ended on December 2, 2019. PFR File, Tab 1 at 17.

inapplicable. PFR File, Tab 1 at 15. We understand the appellant to be arguing that the agency's instruction was unlawful. This argument is not persuasive. Indeed, the Board has upheld removal based on an employee's failure to follow similar instructions. *See, e.g.*, *Lentine v. Department of the Treasury*, 94 M.S.P.R. 676, ¶¶ 2-3, 5, 7-15 (2003) (affirming the removal penalty based on a sustained charge of failure to follow the direct order of management, which recited that the appellant was explicitly ordered not to contact another employee, but he emailed the employee via America Online messenger service less than 1 month after the order was issued). Thus, the appellant has not nonfrivolously alleged that the agency's actions were wrongful in this regard.

Finally, even if the agency did not punish another employee for similar alleged misconduct, PFR File, Tab 1 at 17, the issue of disparate penalty is one of several factors to consider in analyzing the penalty. *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (identifying a nonexhaustive set of penalty factors, including the consistency of the penalty with those imposed upon other employees for the same or similar offenses); *see also Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1326 (Fed. Cir. 2021) (stating that the Board must consider the relevant *Douglas* factors when considering the reasonableness of the penalty in a disciplinary action taken pursuant to 38 U.S.C. § 714). Even taking the appellant's allegation of a disparate penalty as true, we are not persuaded that this single penalty factor weighing in the appellant's favor

constitutes a nonfrivolous allegation that the agency knew that it could not substantiate a potential future removal action on this basis.[11]

In conclusion, the appellant has not made a nonfrivolous allegation that he lacked a meaningful choice in the decision to resign and that it was the agency's wrongful actions that deprived him of that choice. *See Bean*, 120 M.S.P.R. 397, ¶ 8. Accordingly, we affirm the dismissal of this appeal for lack of jurisdiction.[12]

## NOTICE OF APPEAL RIGHTS[13]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not

[11] In a footnote in the initial decision, the administrative judge stated that it was unnecessary to consider the appellant's arguments regarding the second charge in the notice of proposed removal, involving allegations of inappropriate conduct. ID at 12 n.9. The appellant contends on review, in the context of a different claim, that the inappropriate conduct charge was without merit, and he asserts that the agency knew that there were no legal grounds to terminate him on this basis. PFR File, Tab 1 at 10-12. Even if we assume for the purposes of our analysis that the agency could not substantiate the inappropriate conduct charge, the appellant has not nonfrivolously alleged that the agency knew that it could not sustain the failure to follow supervisory instructions charge or a removal action based on that single charge for the reasons described herein. *Cf. Barthel v. Department of the Army*, 38 M.S.P.R. 245, 252 (1988) (finding that the administrative judge erred by precluding the appellant from presenting evidence challenging the merits and legitimacy of the agency's proposed chapter 43 action in an attempt to show that his retirement was the product of agency duress in proposing his separation).

[12] Because the appellant raised a claim of discrimination in this constructive adverse action appeal, and the Board has now issued a Final Order dismissing the appeal for lack of jurisdiction, the agency is now required, under EEOC regulations, to reissue a notice under 29 C.F.R. § 1614.108(f) giving the appellant the right to elect between a hearing before an EEOC administrative judge and an immediate final decision. *See* 29 C.F.R. § 1614.302(b).

[13] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[14]  The court of appeals must <u>receive</u> your petition for

---

[14] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that Tab 6any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Gina K. Grippando

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.